in his own favor, against the defendant, which it was not compe-
tent for the plaintiffs to give in evidence.

For the improper admission of this evidence the judgment is
reversed and a new trial ordered, with costs to abide the event.

---

## UNITED STATES CIRCUIT COURT.

### MICHAEL FRANCIS MALOY agt. HERMAN DUDEN *et al.*

*Removal of cause — Citizenship — Time of removal — What constitutes a trial in
the state court.*

A foreign citizen or subject remains such until naturalization is complete,.
according to the laws of congress, although, by the state laws he might
vote or hold office after the mere declaration of intention to become a
citizen.

In a case otherwise within the removal act of 1875, it is the right of the
defendant to remove the cause at any time "before the trial thereof."
This means, before any step is taken in the actual trial of the cause, such
as the empaneling of the jury, &c.

To bar the right to removal, "it must appear that the trial had actually
begun, and was in progress in the orderly course of proceedings when
the application was made. No mere attempt of one party to get himself
on the record as having begun the trial will be enough. The case must
be actually on trial by the court, all parties acting in good faith, before
the right of removal is gone."

Where, as in this case, the right to try the case at all was challenged by the
defendants as soon as it was called on the day calendar and, on hearing
these objections, all further proceedings in the cause were suspended
until that preliminary question was determined, and in order to deter-
mine it the cause was sent into another part of the court.

*Held,* that the trial had not actually begun, and that the cause was not even
in a condition to be tried, and the right of removal still remained.

*Southern District of New York, February,* 1886.

*J. A. Goodlett,* for plaintiff.

*Ira Leo Bamberger,* for defendant, Duden.

*Edward C. James* and *John Frankenheimer*, for defendant,
Baillie.

BROWN, *J.* — This cause, originally commenced in the su-
preme court of the state of New York, was removed to this
court on the ground that these defendants were foreign citizens
and subjects, the plaintiff being a resident of this state.

A motion is now made by plaintiff to remand the cause.

*First.* The first ground on which a remand is claimed is because
the defendant H. Duden, a naturalized citizen of Great Britain,
some two years ago filed his declaration of intention to become
a citizen of the United States, though he has never applied for
or obtained admission to be a citizen of this country or his
final certificate of naturalization. This point has in substance
been directly adjudicated by Mr. justice MILLER in the case of
*Lanz* agt. *Randall* (4 *Dillon*, 425), and overruled on the ground
that the foreign citizen or subject remained such until naturali-
zation was complete, according to the laws of congress, although
by the state laws he might vote or hold office after the mere
declaration of intention to become a citizen. The passport
issued by earl Granville to this defendant in 1880, a British
citizen, together with the defendant's affidavit, furnish sufficient
*prima facie* evidence that the requirements of the English
statutes of naturalization had been complied with. No renun-
ciation of allegiance to Great Britain was required by our law
(*sec.* 2165) to be made at the subsequent declaration of intention
to become a citizen of the United States. If such a renuncia-
tion was made, it was immaterial; and, so far as appears, did
not make the defendant cease to be a citizen of Great Britain.

*Second.* The second ground upon which the motion to re-
mand is urged is that the cause was removed too late, to wit,
after the trial in the state court had been commenced. The
case had been noticed for trial by the plaintiff and placed upon
the equity calendar. It was called upon the call of the day
calendar on November 2d. The defendants, among other ob-
jections, contended that the cause was not in condition for trial,

because the time for serving an amended answer had not expired under an order obtained from one of the judges of the court granting further time for that purpose. The plaintiff, before the call of the cause on the day calendar, had given notice of a motion to vacate the order granting the further time to answer.

Upon the statement of these facts to the trial justice he directed the motion to vacate to be heard in another part of the court before the justice engaged in hearing motions, and suspended further proceedings before him until that motion should be determined. On going before the motion judge the hearing was adjourned until the 4th of November, and before the hearing of the motion was reached the cause was removed to this court, as above stated.

In a case otherwise within the removal act of 1875, it is the right of the defendant to remove the cause at any time "before the trial thereof." This, as construed by the courts, means before any step is taken in the actual trial of the cause, such as the empaneling of the jury (*St. Anthony, &c.,* agt. *King, &c.,* 23 *Minn.,* 186).

In removal cases (100 *U. S.,* 473) the court says: "We agree that, as a general rule, the petition must be filed in a way that it may be said to have been in law presented to the court before the trial is in good faith entered upon. There may be exceptions to this rule, but we think it clear that congress did not intend, by the expression "before trial," to allow a party to experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings and take his suit to another tribunal. But to bar the right of removal it must appear that the trial had actually begun, and was in progress in the orderly course of proceeding when the application was made. No mere attempt of one party to get himself on the record as having begun the trial will be enough. The case must be actually on trial by the court, all parties acting in good faith, before the right of removal is gone."

In the present case it is clear that no step in the actual trial

of the cause was taken. The right to try the case at all was challenged by the defendants as soon as it was called on the day calendar. On hearing these objections all further proceedings in the cause were suspended until that preliminary question was determined; and in order to determine it the cause was sent into another part of the court. As that question has not yet been determined I think, under the ruling laid down by the supreme court, it is clear that the trial had not actually begun, and that apparently the cause was not even in a condition to be tried. In this decision I take into consideration only the record, including the special term certificate, the affidavit and order extending the time to answer, and the objections taken before the trial judge.

The motion to remand must be denied.